IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

MELISSA KIGER )
)
v. ) NO. 2-10-0084
) JUDGE CAMPBELL
JENNINGS FUNERAL HOMES, INC. )
and FENTRESS MEMORIAL GARDENS, )
INC., a/k/a FENTRESS MEMORY )
GARDENS, INC. )

<u>MEMORANDUM</u>

Pending before the Court is Defendants' Motion to Dismiss (Docket No. 13). Plaintiff alleges Defendants Jennings Funeral Homes, Inc. and Fentress Memorial Gardens, Inc. engaged in (1) gender discrimination based on disparate treatment in violation of Title VII and the Tennessee Human Rights Act ("THRA"); (2) retaliatory discharge in violation of Title VII and the THRA; (3) common law outrageous conduct, and (4) common law civil conspiracy to violate Title VII and the THRA. (Docket No 16). For the reasons described herein Defendants' Motion to Dismiss (Docket No. 13) with respect to Plaintiff's claims of disparate treatment, retaliatory discharge, and common law conspiracy is DENIED. Defendants' Motion to Dismiss with respect to Plaintiff's claims of outrageous conduct is GRANTED.

FACTS

Billy Jennings Jr. and Steve Looper are shareholders and co-owners of Defendants Jennings Funeral Homes and Fentress Memorial Gardens. Defendants hired Plaintiff in November 2009. (Docket No. 1). In the initial months of her employment, Plaintiff split her job

1

duties between Memory Gardens cemetery and the funeral home. Plaintiff worked at least 40 hours a week and received the same hourly rate for all hours worked, whether at the cemetery or funeral home. In addition to her hourly wages Plaintiff was paid a commission by Memory Gardens for any cemetery-related sales. *Id.*

In February 2010, Mr. Jennings informed Plaintiff that due to his religious beliefs Mr. Looper felt uncomfortable working at the cemetery with a female. Mr. Jennings reassigned Plaintiff to work full-time at the funeral home, except for the one day a week Mr. Looper was out of town, when Plaintiff was permitted to work at the cemetery. *Id.*

A meeting was held between Plaintiff, her husband, Mr. Jennings and Mr. Looper in which Mr. Looper reiterated he did not want to work at the cemetery with a female because of his religious beliefs and the decision to move her was for her protection. Plaintiff objected to this decision and became emotional at the meeting. Mr. Jennings subsequently became upset, placed Plaintiff on probation, and he told her that she would be fired if she had another emotional meltdown. *Id.*

As the meeting progressed, Mr. Jennings became more agitated and terminated Plaintiff's employment. When Plaintiff begged for her job, Mr. Looper intervened and asked Mr. Jennings to calm down and had him retract the termination. Defendants informed Plaintiff she was now a luxury to the cemetery. A few days later, Mr. Jennings met with Plaintiff and terminated her employment. *Id.*

STANDARD OF REVIEW

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must take "all well-pleaded material allegations of the pleadings" as true. *Fritz v. Charter Township of*

2

*Comstock*, 592 F.3d 718, 722 (6ᵗʰ Cir. 2010).  The factual allegations of the complaint "need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible."  *Id.* (quoting *Ashcroft v. Iqbal*, __ U.S. __; 129 S.Ct. 1937, 1948-1950, 173 L. Ed. 2d 868 (2009)).  "A legal conclusion couched as a factual allegation," however, "need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient."  *Id*. (Quoting *Hensley Mgf. v. ProPride, Inc.*, 579 F.2d 603, 609 (6ᵗʰ Cir. 2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 127 S.Ct. 1955, 167 L.Ed. 2d. 929 (2007)).

ANALYSIS

<u>Disparate Treatment</u>

Plaintiff claims she was reassigned to work at the funeral home, except on the one day per week when Mr. Looper was not present at the cemetery, because Mr. Looper had indicated he was not comfortable working with a female due to his religious beliefs.  (Docket No. 16).

To state a *prima facie* case of gender discrimination based on disparate treatment under Title VII Plaintiff must show (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was qualified for the position; and (4) similarly situated non-protected employees were treated more favorably than she, or she was replaced by a person outside the protected class.  *DiCarlo v. Potter*, 358 F.3d 408, 415 (6ᵗʰ Cir. 2004); 42 U.S.C. § 2000e et seq.  The analysis used to evaluate a claim for discrimination in violation of the THRA is the same analysis used for a claim alleging discrimination brought under Title VII.  See *Silpacharin v. Metropolitan Government*, 797 S.W.2d. 625 (Tenn. App. 1990); Tenn. Code Ann. § 34-21-101 et seq.

3

Taking Plaintiff's allegations as true, she has established a *prima facie* case of discrimination by showing (1) she is a woman and thus a member of a protected class, (2) she suffered an adverse employment action when she was reassigned to work at the funeral home, (3) she was qualified for the position, and (4) Mr. Looper was treated more favorably than she when he was allowed to continue working at the cemetery at the expense of her transfer to the funeral home.

Plaintiff has pled sufficient facts to render her legal claims of disparate treatment plausible and as a result Defendants' Motion to Dismiss (Docket No. 13) with regard to Plaintiff's disparate treatment claims is DENIED.

Retaliatory Discharge

To establish a claim of retaliatory discharge under Title VII and the THRA, a plaintiff must establish (1) she engaged in protected activity, (2) the employer knew of the exercise of the protected right, (3) an adverse employment action was subsequently taken against the employee, and (4) there was a causal connection between the protected activity and the adverse employment action. *Hawkins v. Anheuser-Busch, Inc.,* 517 F.3d 321, 345 (6th Cir. 2008).

Plaintiff was engaged in an activity protected by statute when she complained of the disparate treatment at the meeting with Mr. Jennings and Mr. Looper. Plaintiff was subject to materially adverse and causally related adverse employment actions when (1) she was terminated at the meeting because she objected to the changes in her employment due to disparate treatment; and (2) after reinstatement, she was subsequently terminated again.

Defendants' Motion to Dismiss (Docket No. 13) with respect to Plaintiff's claims of retaliatory discharge is DENIED.

Outrageous Conduct (Intentional Infliction of Emotional Distress)

To state a claim for intentional infliction of emotional distress under Tennessee law, a plaintiff must establish that defendants' conduct (1) was intentional or reckless, (2) was so outrageous that it cannot be tolerated by civilized society and (3) resulted in serious mental injury to the plaintiff. *Bain v. Wells* 936 S.W.2d 618, 622 (Tenn. 1997).

In describing these elements, the Tennessee Supreme Court has emphasized it is not sufficient that a defendant "has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress." Id. A plaintiff must in addition show the defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." *Lourcey v. Estate of Scarlett*, 146 S.W.3d 48, 51 (Tenn. 2004)(quoting Restatement (Second) of Torts § 46 cmt. d. (1965)).

Defendants' termination of Plaintiff's employment was intentional, but Plaintiff has not sufficiently plead Defendants' decision to terminate her, nor the conduct in which the termination occurred, was "so outrageous" as not to be "tolerated by a civilized society." Likewise, Plaintiff has not sufficiently pled that she suffered any serious mental injury as a result of Defendants' actions.

Defendants' Motion to Dismiss is GRANTED with respect to Plaintiff's claim of Outrageous Conduct or Intentional Infliction of Emotion Distress.

Common Law Conspiracy

According to Tennessee law, civil conspiracy is "a combination between two or more persons to accomplish by concert an unlawful purpose, or to accomplish a purpose not in itself unlawful by unlawful means." *Brown v. Birman Managed Care, Inc.,* 42 S.W.3d 62, 67 (Tenn. 2001)(internal quotations omitted). "There is no liability under a theory of civil conspiracy unless there is underlying wrongful conduct." *Levy v. Franks*, 159 S.W.3d 66, 82 (Tenn. Ct. App. 2004). "It is a general rule that a conspiracy cannot be made the subject of a civil action, unless something is done which, without the conspiracy, would give a right of action. The damage done is the gist of the action, not the conspiracy... [T]he simple act of conspiracy does not furnish a substantive ground of action." *Tenn. Pub Co. v. Fitzhugh*, 16 Tenn. 1, 52 S.W.2d 157, 158 (1932). "Therefore, if the claim underlying the allegation of civil conspiracy fails, the conspiracy claim must also fail." *Levy*, 159 S.W.3d at 82.

Plaintiff alleges Defendants conspired to violate her rights under Title VII and the THRA. The claims of disparate treatment and retaliatory discharge not being dismissed, Plaintiff has sufficiently pled that Defendants conspired against her to accomplish an unlawful purpose.

Defendants' Motion to Dismiss (Docket No. 13) with respect to Plaintiff's claim of Common Law Conspiracy is DENIED.

## CONCLUSION

For the reasons stated above Defendants' Motion to Dismiss (Docket No. 13) with respect to Plaintiff's claims of disparate treatment, retaliatory discharge, and common law conspiracy is DENIED. Defendants' Motion to Dismiss with respect to Plaintiff's claims of outrageous conduct is GRANTED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE