IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

MELISSA KIGER )
)
v. ) No. 2-10-0084
)
JENNINGS FUNERAL HOMES, INC; )
and FENTRESS MEMORIAL )
GARDENS, INC. a/k/a Fentress Memory )
Gardens, Inc. )

TO: The Honorable Kevin H. Sharp, District Judge

**REPORT AND RECOMMENDATION**

Through counsel, the plaintiff filed this action on November 1, 2010, asserting claims under Title VII, 42 U.S.C. §§ 2000e et seq., and the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. §§ 4-21-101 et seq., as well as other state law claims. The initial case management conference was held on November 12, 2010, and case management orders entered on November 15, 2010 (Docket Entry Nos. 17-18). The defendants filed a motion to dismiss (Docket Entry No. 13), which was denied by order entered January 4, 2011 (Docket Entry No. 22), except the plaintiff's claim for outrageous conduct was dismissed. The parties engaged in initial discovery in accord with the scheduling set forth in the case management orders. See order entered March 9, 2011 (Docket Entry No. 23).

However, on May 17, 2011, counsel for the plaintiff moved to withdraw (Docket Entry No. 25). In an affidavit (Docket Entry No. 25-1) accompanying the motion, plaintiff's counsel attested that, despite numerous attempts to contact the plaintiff, he had been unable to reach her and that she had not communicated with him. Also attached to counsel's motion was a letter, dated April 29, 2011, sent to the plaintiff, advising her of his intent to move to withdraw as her lawyer as a result of his inability to communicate with her and thus his inability to prepare the case. Docket Entry No. 25-2.

The motion to withdraw was granted on May 17, 2011 (Docket Entry No. 26). In that order, the plaintiff was ordered to "notify the Court on or before June 17, 2011, whether she has obtained new counsel or whether she intends to proceed in this action pro se."

Upon motion of co-counsel to clarify that co-counsel intended to move to withdraw as well (Docket Entry No. 28), by order entered May 18, 2011 (Docket Entry No. 29), the Court permitted co-counsel to withdraw and reiterated the plaintiff's obligation to notify the Court by June 17, 2011.

The Clerk mailed copies of the May 17, 2011, and May 18, 2011, orders to the plaintiff by regular, first class mail and by certified mail. The certified mailings were returned by the Postal Service with the notations "Return to Sender; Unclaimed" and "Return to Sender; Unclaimed; Unable to Forward." Docket Entry Nos. 33-34.

Either the plaintiff is no longer residing at the address to which the orders were mailed and at the address provided by her former counsel or the plaintiff continues to reside at that address and may have received copies of the orders mailed to her by regular mail and elected not to comply with those orders.

No counsel has appeared on the plaintiff's behalf and she did not file a notice, either by or since June 17, 2011, in compliance with the Court's orders, nor did she seek to extend the time for her to do so. The plaintiff has not communicated with the Court in any form or fashion since her attorney filed a motion to withdraw.

Rule 16(f) of the Federal Rules of Civil Procedure provides that:

> [i]f a party . . . fails to obey a scheduling . . . order . . ., the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B),(C),(D).

Pursuant to Rule 37(b)(2)(C), as assimilated into Rule 16(f), the Court may dismiss an action. In addition, it is well-settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash R.R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Pursuant to Rule 41(b), the Court may dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. See Bishop v. Cross, 790 F.2d 38 (6th

Cir. 1986); Patterson v. Township of Grand Blanc, 760 F.2d 686, 688 (6th Cir. 1985) (per curiam); Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980).

The plaintiff's failure to comply with the Court's orders appears to track her conduct prior to her attorney moving to withdraw. She was apparently unwilling to communicate with her former counsel or assist them in prosecuting this case. The plaintiff has exhibited that same lack of interest in this case after her attorneys were allowed to withdraw.

It is, therefore, apparent that the plaintiff has lost all interest in pursuing this case.

### RECOMMENDATION

Based on the foregoing, it is respectfully recommended that this action be dismissed for the plaintiff's failure to prosecute this case, and specifically for her failure to comply with the orders entered May 17, 2011, and May 18, 20110 (Docket Entry Nos. 26 and 29), pursuant to Rules 16(f) and 37(b)(2)(C) of the Federal Rules of Civil Procedure.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation, and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

The Clerk is directed to mail a copy of this Report and Recommendation to the plaintiff at the address listed on the docket by regular, first class mail and by certified mail.

Respectfully Submitted,

JULIET GRIFFIN
United States Magistrate Judge